J-S41025-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JONATHAN PAUL JONES | : | |
| | : | |
| Appellant | : | No. 507 WDA 2023 |

Appeal from the PCRA Order Entered April 18, 2023
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0009241-1999

BEFORE: PANELLA, P.J., OLSON, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY OLSON, J.: **FILED: December 4, 2023**

Appellant, Jonathan Paul Jones, appeals *pro se* from the order entered April 18, 2023, dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We quash.

On a previous appeal, a panel of this Court briefly summarized the facts and procedural history of this matter as follows:

> [I]n 2000, [Appellant] was found guilty in a consolidated jury trial of three counts of burglary, two counts of rape, two counts of aggravated indecent assault, and one count each of robbery and simple assault.[1] Correspondingly, [Appellant] was sentenced, in the aggregate, to 80 to 160 years of incarceration. After this Court affirmed his judgment of

---

[*] Former Justice specially assigned to the Superior Court.

[1] The relevant docket numbers to which Appellant's convictions relate are as follows: CP-02-CR9241-1999; CP-02-9242-1999; and CP-02-9243-1999. The instant appeal only relates to CP-02-CR-9241-1999 (hereinafter, "Docket Number 9241-1999").

sentence, our Supreme Court denied his petition for allowance of appeal on September 16, 2003. Over the course of the next [18] years, [Appellant] filed multiple unsuccessful PCRA petitions.

*Commonwealth v. Jones*, 2023 WL 2028756 *1 (Pa. Super. 2023) (unpublished memorandum) (footnote added).

On March 2, 2023, Appellant filed a motion for post-conviction DNA testing pursuant to 42 Pa.C.S.A. § 9543.1, seeking DNA testing of a pubic hair found on a bar of soap in the home of the victim at Docket Number 9241-1999. On March 29, 2023, the PCRA court issued a notice of intent to dismiss Appellant's petition, pursuant to Pa.R.Crim.P. 907. Appellant did not file a response. On April 18, 2023, the PCRA court dismissed Appellant's petition. This timely appeal followed.

Appellant raises the following issue on appeal:

[Did the PCRA court err or abuse its discretion in dismissing Appellant's petition pursuant to 42 Pa.C.S.A. § 9543.1 to conduct DNA testing of a pubic hair sample retrieved from the victim's home?]

*See generally* Appellant's Brief at 3.

It is well-settled that appellate briefs must "materially conform to the requirements set forth in the Pennsylvania Rules of Appellate Procedure." *Commonwealth v. Adams*, 882 A.2d 496, 497 (Pa. Super. 2005); *see also* Pa.R.A.P. 2101. It is equally well-settled that this Court may quash or dismiss an appeal if the defect in the brief is substantial. *Id.* Importantly, *pro se* litigants must, as well, comply with the procedural rules of this Court.

- 2 -

*Commonwealth v. Lyons*, 833 A.2d 245, 251-252 (Pa. Super. 2003) ("[A]lthough this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant.").

Rule 2111 of the Pennsylvania Rules of Appellate Procedure outlines the requirements of an appellate brief. It states:

**Rule 2111. Brief of the Appellant**

(a) **General Rule**.—The brief of the appellant, except as otherwise prescribed by these rules, **shall** consist of the following matters, separately and distinctly entitled and in the following order:

(1) Statement of jurisdiction.

(2) Order or other determination in question.

(3) Statement of both the scope of review and the standard of review.

(4) Statement of the question involved.

(5) Statement of the case.

(6) Summary of argument.

(7) Statement of the reasons to allow an appeal to challenge the discretionary aspects of a sentence, if applicable.

(8) Argument for the appellant.

(9) A short conclusion stating the precise relief sought.

(10) The opinions and pleadings specified in Subdivisions (b) and (c) of this rule.

(11) In the Superior Court, a copy of the statement of errors complained of on appeal, filed with the trial court pursuant to Rule 1925(b), or an averment that no order requiring a

statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) was entered.

(12) The certificates of compliance required by Pa.R.A.P. 127 and 2135(d).

Pa.R.A.P. 2111(a)(1)–(12) (emphasis added).

Similarly, Rule 2119 addresses the argument section of an appellate brief and states, in relevant part, as follows:

**Rule 2119. Argument**

**(a) General rule.** The argument shall be divided into as many parts as there are questions to be argued; and shall have . . . such discussion and citation of authorities as are deemed pertinent.

Pa.R.A.P. 2119(a). Moreover, this Court has consistently held that "[w]hen issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review, a court will not consider the merits thereof." *Commonwealth v. Tchirkow*, 160 A.3d 798, 804 (Pa. Super. 2017) (citation omitted).

Herein, a review of Appellant's brief, namely, the argument section, reveals that it utterly fails to comply with Pa.R.A.P. 2119 as it consists, *in toto,* of the following sentence: "The hair test[] would prove solid identification[] and innocence." Appellant's Brief at 3. Appellant, therefore, fails to engage in any meaningful analysis or even cite to relevant authority. We decline to do so on Appellant's behalf. *Coutler v. Ramsden*, 94 A.3d 1080, 1088 (Pa. Super. 2014) ("This Court will not act as counsel and will not develop

- 4 -

arguments on behalf of an appellant.") (citation omitted).  We therefore quash this appeal.

Appeal quashed.  Application for relief denied.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date:  12/4/2023